kCANNELLA, Judge.
Defendant, Sharon Jordan Cooper, appeals from the district court judgment in favor of her former husband, Rickey Laverne Cooper, ordering the Clerk of Court for the Parish of Jefferson to cancel the mortgage inscription on property which the parties formerly owned together. For the reasons which follow, we affirm.
Sharon Cooper and Rickey Cooper were granted a divorce on July 8,1981. Following the divorce, a community property settlement was reached. Rickey Cooper executed a promissory note in favor of Sharon Cooper in the amount of $15,000, as payment to her for money owed in the community property settlement. The promissory note was secured by a mortgage on the former family home, which had been acquired by Rickey Cooper as part of the property settlement. The mortgage was duly recorded with the Clerk of Court in Jefferson Parish. Sharon Cooper stated that she had misplaced the note, so it was not produced at trial. However, the language in the mortgage, as well as information ^provided by affidavits, indicate that the note provided for payment by consecutive monthly installments of $200, commencing on December 15, 1984, “with interest thereon at the rate of 10% per cent, per annum from maturity until paid-” Rickey Cooper made seventy-five consecutive timely payments of $200 to Sharon Cooper and she did not return the note. On April 8, 1996, Rickey Cooper filed a Petition for Mandamus against Sharon Cooper and the Clerk of Court of Jefferson Parish to have the inscription of the mortgage that secured the promissory note canceled.
A judge trial was held on May 14, 1996. The case was taken under advisement and judgment was rendered on May 29, 1996. The trial court found that the promissory note had been paid in full and ordered the Clerk of Court to cancel the inscription of the mortgage. It is from this judgment that Sharon Cooper appeals.
On appeal, Sharon Cooper, contends that the trial court erred in finding that the promissory note was paid in full. More specifically, she argues that the note has not been paid in full, because Rickey Cooper has not paid her the interest which she believes is due under the note. She contends that the reference to interest being due from maturity did not mean, that interest would only be paid in the event he defaulted on the note, *1060 but rather, that interest would be due from the day that the note was signed.
Unfortunately, Sharon Cooper could not produce the note to support her claims. She admitted in court that she had been given the note originally and had misplaced it.
Rickey Cooper, on the other hand, introduced into evidence the mortgage and affidavits by himself and the notary who prepared the note and mortgage, which stated essentially that interest was not due on the note until February 15, 1991, the date that the last payment was due.
According to the mortgage and the affidavits, the note provided for interest 14“from maturity.” “Maturity Date,” as defined in Black’s Law Dictionary, is “the date on which the principal amount of a note, draft, acceptance, bond or other debt instrument becomes due and payable.” Black’s Law Dictionary, Sixth Edition (1990). The note in this case was executed on October 12, 1984 and was payable in seventy-five consecutive installments of $200. Thus the note matured on February 15,1991. Interest was due “from maturity”, not from the date of execution. It is not disputed that Rickey Cooper made every one of the seventy-five payments timely. Thus, no interest was due on this debt. As found by the trial court, the note was paid in full according to its terms.
Absent any evidence to contradict Rickey Cooper’s position and the trial court findings, we cannot conclude that the trial court erred in finding that the note had been fully paid by the seventy-five timely consecutive $200 payments and ordering the inscription canceled.
While Sharon Cooper argues strenuously that this was not her understanding of the meaning of the terms of the note, her misunderstanding has no effect on the issue before the court herein. Rather, this is a mandamus action, in which the trial court has ordered the Clerk of Court to cancel the mortgage inscription in question because the note, secured by the mortgage, has, according to its terms, been paid in full. We find no error in that ruling.
Accordingly, the judgment of the trial court ordering the Clerk of Court of Jefferson Parish to cancel the inscription of the mortgage on the property bearing the municipal address, 51 Yellowstone Street, Kenner, La. 70065, recorded in Mortgage Book 976, Folio 104, is affirmed. Sharon Cooper is assessed the costs of appeal.
AFFIRMED.